IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS ZIMMERMAN and
PATRICIA ZIMMERMAN,

                Plaintiffs,

v.

GREG LOGEMANN, 1st RATE MORTAGE CORP.,
GRETTA HAUN, BOARDWALK REALTY, INC.,
COUNTRYWIDE BANK, N.A., and
AMERICA'S WHOLESALE LENDER,

                Defendants,

and

ACUITY, A Mutual Insurance Company,

                Intervenor Defendant.

OPINION and ORDER
09-cv-210-slc

Plaintiffs Thomas Zimmerman and Patricia Zimmerman are suing defendants for various parts they played in helping plaintiffs acquire a home loan that they cannot afford. Before the court is defendants Boardwalk Realty, Inc.'s and Gretta Haun's motion to dismiss plaintiffs' second amended complaint. *See* dkt. 98. Boardwalk and Haun were the appraisers for the property, hired by the mortgage brokers, defendants Greg Logemann and 1st Rate Mortgage Corp. For the reasons stated below, I am denying the motion.

In an opinion and order dated December 1, 2009, I granted in part and denied in part various motions filed by defendants to dismiss the first amended complaint. *See* dkt. 89. With respect to plaintiffs' claims against defendants Countrywide Bank, N.A. and America's Wholesale Lender, I dismissed all of the claims with the exception of certain claims for common law fraud and violations of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18. With respect to Boardwalk and Haun, I dismissed the complaint as to plaintiffs' claim under

Wis. Stat. ch. 458 because plaintiffs failed to identify a private right of action under that chapter.  In addition, I granted the motion with respect to plaintiffs' claim under Wis. Stat. § 100.18 because they had failed to allege facts supporting one of the elements of that claim, which is "a pecuniary loss" they suffered as a result of Boardwalk's and Haun's conduct.  *Novell v. Migliaccio*, 2008 WI 44, ¶ 49, 309 Wis. 2d 132, 749 N.W.2d 544.  However, I rejected arguments that plaintiffs failed to plead the fraud claims with particularity as required by Fed. R. Civ. P. 9(b).  (Boardwalk and Haun did not raise an argument that plaintiffs failed to allege harm on the fraud claim, so I did not consider that question.)  I gave plaintiffs an opportunity to file an amended complaint to correct the pleading deficiencies.

In their second amended complaint, plaintiffs dropped the claim under Wis. St. ch. 458, but they have reasserted their claims for common law fraud and violations of Wis. Stat. § 100.18.  Boardwalk and Haun argue in their motion that both of these claims fail because plaintiffs have not identified any pecuniary harm.  Although plaintiffs have reasserted a number of their original claims against the other defendants, only Boardwalk and Haun have renewed their motion to dismiss.

I conclude that plaintiffs have alleged adequately in their second amended complaint that Boardwalk and Haun caused them pecuniary harm.  Plaintiffs allege that they took out two loans related to the purchase of the home.  The first was a $200,000 construction loan with which Boardwalk and Haun had no involvement.  Plaintiffs intended to pay off the construction loan (which was due only a few months later) with a mortgage loan.  Boardwalk and Haun provided an appraisal of the purchased property in the amount of $272,000, even though they knew the property's fair market value was actually much less than that.  Plaintiffs used the appraisal to

obtain a loan of $212,000. Plaintiffs say that they would have taken out a smaller loan if they had known their home's true value, so they are incurring additional interest as a result of Boardwalk's and Haun's conduct. At this stage of the proceedings, that is sufficient to show that plaintiffs have been damaged.

In a footnote near the end of their opening brief, defendants Boardwalk and Haun ask the court to consider additional arguments related to the claim under Wis. Stat. § 100.18 that they raised in their previous motion to dismiss. It was unnecessary to address those arguments in the December 1 order because I agreed with defendants that plaintiffs had not identified a pecuniary loss.

Defendants Boardwalk and Haun raised four additional arguments in their motion to dismiss the amended complaint:

> (1) plaintiffs did not plead their claim under § 100.18 with particularity because they failed to "differentiate between all Defendants or provide sufficient notice to Boardwalk and Haun of the specific allegedly fraudulent statements they made to plaintiffs";
>
> (2) plaintiffs failed to allege that Boardwalk and Haun made an "affirmative misrepresentation," as required by *Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶ 40, 270 Wis. 2d 146, 677 N.W.2d 233;
>
> (3) plaintiffs are not members of the "public" within the meaning of § 100.18; and
>
> (4) any statement provided by Boardwalk and Haun regarding plaintiffs' "ability to obtain a loan" in the future was an opinion, not a factual representation.

Dkt. 52, at 15-19.

Arguably, defendants Boardwalk and Haun waived these arguments by failing to apply them to plaintiffs' second amended complaint. In any event, none of the arguments are persuasive. A party violates the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18,

when it makes a false representation to "the public" with the intent to induce an obligation and causes a pecuniary loss to the plaintiff.  *Novell*, 2008 WI 44, ¶ 49, 309 Wis. 2d 132, 749 N.W.2d 544.  Plaintiffs have identified the alleged misrepresentation made by Boardwalk and Haun: the allegedly fraudulent appraisal.  Thus, plaintiffs have pleaded that aspect of the claim with particularity and they have identified an "affirmative misrepresentation" rather than a mere "nondisclosure."  Further, plaintiffs are not relying on any statements Boardwalk and Haun may have made about their ability to obtain a loan, so that argument is a nonstarter.

This leaves the argument that plaintiffs are not members of "the public" for the purpose of any transactions they had with Boardwalk and Haun.  Although the reasoning for defendants' position is not clear, it seems to be that they cannot be held liable under § 100.18 because any representations they made were directed at plaintiffs in particular rather than the general public.  The Wisconsin Supreme Court rejected this argument long ago.  In *State v. Automatic Merchandisers of America, Inc.*, 64 Wis. 2d 659, 664, 221 N.W.2d 683, 686 (1974), the court held that "use of the term 'the public' does not mean that the statements be made to a large audience. . . .[I]n some situations one person can constitute the public."  It is not the number of listeners that matters, but whether the parties had a "particular relationship" before the alleged misrepresentation was made suggesting that the plaintiff did not need the protections of the statute.  *K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.,* 2007 WI 70, ¶¶ 20-27, 301 Wis.2d 109, 122, 732 N.W.2d 792, 799; *see also Uniek, Inc. v. Dollar General Corp.*, 474 F. Supp. 2d 1034, 1039 (W.D. Wis. 2007) (concluding that rationale for "particular relationship" test may be "that those who have long-term, established relationships are in a better position than most to protect themselves in the context of that relationship").  In this case, plaintiffs do not

allege that they had any dealings with Boardwalk and Haun before they were hired to provide the appraisal and neither side suggests that plaintiffs had a contract with Boardwalk and Haun that would exclude plaintiffs from being considered members of "the public." *E.g., Kailin v. Armstrong*, 2002 WI App 70, ¶ 44, 252 Wis. 2d 676, 643 N.W.2d 132. Accordingly, I conclude that the allegations in the second amended complaint are sufficient to state a claim under § 100.18.

## ORDER

It is ORDERED that the motion to dismiss the second amended complaint filed by defendants Boardwalk Realty, Inc. and Gretta Haun, dkt. 98, is DENIED

Entered this 19th day of February, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge