IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS ZIMMERMAN and
PATRICIA ZIMMERMAN,

                       Plaintiffs,

    v.

GREG LOGEMANN, 1st RATE MORTAGE CORP.,
GRETTA HAUN, BOARDWALK REALTY, INC.,
COUNTRYWIDE BANK, N.A., and
AMERICA'S WHOLESALE LENDER,

                       Defendants,
and

ACUITY, A Mutual Insurance Company,

                       Intervenor Defendant,

and

TRI-COUNTY TITLE & ABSTRACT, LLC and TERRI
S. OSWALD,

                       Third Party Defendants.

OPINION and ORDER
09-cv-210-slc

---

      Plaintiffs Thomas Zimmerman and Patricia Zimmerman are suing their mortgage broker, appraiser and lenders for making false and misleading statements and engaging in other misconduct related to a home loan.  The lenders, defendants Countrywide Bank and America's Wholesale Lender, filed a cross-claim against the mortgage broker, defendant 1st Rate Mortgage Corp., for indemnification and contribution.  Now before the court is 1st Rate's motion to dismiss the claim for contribution.  Dkt. 120.

      I am denying the motion as unripe.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotations omitted).  Any opinion regarding 1st Rate's duty to indemnify Countrywide and AWL would be advisory because it has not yet been determined whether *any* defendant is liable to plaintiffs for damages.  Obviously, if plaintiffs are not awarded damages against Countrywide and AWL, then 1st Rate will not have

to contribute to a damage award, regardless of the legal relationship among the defendants. Because federal courts possess no authority to issue advisory opinions, *See Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000), determination of the contribution question will have to wait until the questions of liability are resolved. This conclusion is consistent with Wisconsin law, which long has held that "[t]he cause of action for contribution is not ripe till payment has been made." *Sattler v. Neiderkorn*, 190 Wis. 2d 464, 209 N.W. 607, 608 (1926); *see also Diamond v. Ruszkiewicz*, 212 Wis. 2d 143, 147, 567 N.W.2d 649, 651 (Ct. App. 1997) ("[A]t this time the appellants' contribution claim is premature. Until one of them actually pays a disproportionate share under the original note, any claim seeking contribution is not yet ripe.").

If plaintiffs prevail on their claim against defendants Countrywide and AWL, then 1st Rate may reassert the arguments in its motion at that time.

ORDER

It is ORDERED that defendant 1st Rate Mortgage's motion to dismiss the claim for contribution brought by defendants Countrywide Bank, N.A. and America's Wholesale Lenders, dkt. 120, is DENIED without prejudice because it is unripe.

Entered this 19th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge