IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS ZIMMERMAN and
PATRICIA ZIMMERMAN,

                  Plaintiffs,

  v.

GREG LOGEMANN, 1st RATE MORTGAGE CORP.,
GRETTA HAUN, BOARDWALK REALTY, INC.,
COUNTRYWIDE BANK, N.A., and
AMERICA'S WHOLESALE LENDER,

                  Defendants,
and

ACUITY, A Mutual Insurance Company,

                  Intervenor Defendant,
and

TRI-COUNTY TITLE & ABSTRACT, LLC and
TERRI S. OSWALD,

                  Third Party Defendants.

ORDER

09-cv-210-slc

---

Intervenor Defendant Acuity has moved for summary judgment on its crossclaim against defendants Greg Logemann and 1st Rate Mortgage Corp., the former mortgage brokers for plaintiffs Thomas Zimmerman and Patricia Zimmerman. *See* dkt. 137. Acuity seeks a declaration that it has no duty to defend or indemnify Logemann and 1st Rate with respect to the claims plaintiffs are asserting, which are related to the services Logemann and 1st Rate provided to plaintiffs in obtaining a home loan. Neither Logemann nor 1st Rate opposed defendant's motion, which means that I must accept as true all of the facts Acuity proposed. *Procedure to be Followed on Motions for Summary Judgment*, II.C. ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."); *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994) (upholding similar local

rule).  I am granting the motion because Acuity's insurance policy does not provide coverage for plaintiffs' claims.

The question whether an insurer must defend and indemnify is determined by comparing the allegations of the complaint to the terms of the insurance policy. *Estate of Sustache v. American Family Mutual Insurance Co.*, 2008 WI 87, ¶ 20, 311 Wis. 2d 548, 751 N.W.2d 845. The initial question, whether an insurer has a duty to defend, boils down to "whether, if the allegations are proved, the insurer would be required to pay the resulting judgment." *School District of Shorewood v. Wausau Insurance Co.*, 170 Wis. 2d 347, 364-65, 488 N.W.2d 82, 87-88 (1992).

In its 26-page brief, Acuity identifies several reasons why it believes it does not have a duty to defend or indemnify 1st Rate and Logemann, but I need only consider the first one. According to Acuity the insurance policy it issued to 1st Rate is limited to claims for "bodily injury, property damage, personal injury or advertising injury."  Acuity's PFOF ¶¶ 55, 57, dkt. 139.  None of plaintiffs' claims against Logemann and 1st Rate fall into these categories.  In their second amended complaint, plaintiffs allege that Logemann and 1st Rate violated their rights under federal and state law by making various misrepresentations to them and others in the context of obtaining a home loan.  These allegations do not fit within Acuity's definitions of "bodily injury" ("bodily injury, sickness or disease"), "property damage" ("physical injury to tangible property" or "loss of use of tangible property"), "advertising injury" (slander, liability, misappropriation or copyright infringement) or "personal injury" (false arrest, malicious prosecution or wrongful eviction).  Acuity's PFOF ¶¶ 59-60, 62-64, dkt. 139.  Because the insurance policies at issue do not provide coverage, Acuity has no duty to defend or indemnify Logemann or 1st Rate in this case.

ORDER

It is ORDERED that intervenor defendant Acuity's motion for summary judgment on its crossclaim against defendants Greg Logemann and 1st Rate Mortgage, dkt. 137, is GRANTED. It is DECLARED that Acuity does not have a duty to defend or indemnify Logemann or 1st Rate with respect to any of the claims in plaintiffs Thomas Zimmeran's and Patricia Zimmerman's second amended complaint, dkt. 90.

Entered this 5TH day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge