UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

THOMAS ZIMMERMAN and
PATRICIA ZIMMERMAN,

        Plaintiffs,        **Case No. 09-cv-210**

v.

GREG LOGEMANN, et al.

        Defendants.

**MOTION FOR PROTECTIVE ORDER BY COUNTRYWIDE BANK, N.A. AND AMERICA'S WHOLESALE LENDER**

Pursuant to Fed. R. Civ. P. 26(c), Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender (collectively "Countrywide") moves the Court for entry of Defendants' Proposed Protective Order attached hereto as Exhibit A. Countrywide's brief and supporting declaration will be filed simultaneously with this motion. The parties have conferred on the discovery at issue on several occasions and have been unable to resolve the dispute. (Remington Decl. ¶ 22).

Countrywide asks the Court to quash two separate but related issues involving a 30(b)(6) deposition notice. The first is topics where no designee has been produced. The second is a demand for more testimony and documents from Countrywide's 30(b)(6) designee produced as to underwriting, who has already been deposed by Plaintiffs for more than seven hours. The requested discovery is improper. It seeks to burden Countrywide, and to delay summary judgment. It is not rationally related to the claims at issue.

1

A. <u>Topics Where no 30(b)(6) Designee has Testified</u>

The following issues outlined in the Plaintiffs' 30(b)(6) Deposition Notice on the grounds that they are improper, overly broad, irrelevant, too generic, unduly burdensome, and advanced to annoy, embarrass and oppress Countrywide and run up the cost of the litigation:

2. All communications between CW/AWL and Thomas Zimmerman or Patricia Zimmerman, or Greg Logemann, or 1st Rate Mortgage Corp., or Gretta Haun, Boardwalk Realty, Inc., or Tri-County Title & Abstract, LLC, or Terri Oswald, including the identity of the participants in the communication, the date and time of the communication, and the content and substance of the communication, as well as the interpretation of CW/AWL's documents concerning the communications produced in discovery.

3. All communications between CW/AWL and any other individual regarding the Zimmermans' credit applications and/or entire transaction, including the identity of participants in the communication, the date and time of the communication, and the content and substance of the communication, as well as all the interpretations of CW/AWL's records of contacts with the individuals.

5. All documents CW/AWL produced in discovery and all discovery answers CW/AWL provided in discovery. This topic includes but is not limited to:

   (c) Handwritten notes on all documents (what is written and who wrote it); and

   (d) Any documents that were in CW/AWL's possession at one time but are no longer.

7. The identity of each CW/AWL employee involved in any way in the Zimmerman transactions and the role each CW/AWL employee played in the Zimmermans' transactions.

8. CW/AWL's employment policies for the employees including underwriters who were working in 2006 including:

   (a) any training provided to employees regarding underwriting practices and compliance with state and federal laws;

   (b) supervision of underwriting staff, any reviews of their work, and the terms, conditions and length of CW/AWL employment;

   (c) compensation earned by any of CW/AWL employees who worked on Plaintiffs' loan transactions; and

   (d) compensation plans of all CW/AWL employees who worked on Plaintiffs' loan transactions.

2

9. All inquiries, investigations, complaints and lawsuits brought against CW/AWL regarding its lending practices in 2006, as well as:

   (a) CW/AWL's policies and procedures for receiving, recording and communicating complaints about its lending practices;

   (b) CW/AWL's policies and procedures for dealing with complaints made to state, federal and other regulatory agencies; and

   (c) Complaints made by CW/AWL borrowers about any employees involved with the Zimmerman transactions.

11. CW/AWL record-keeping and document retention policies from January 1, 2006 to the present.

12. The relationship between CW and AWL.

13. CW/AWL 2006 requirements for doing business with an appraiser, including any required training, education or other experience or credentials.

14. CW/AWL 2006 requirements for doing business with a mortgage broker, including any required training, education or other experience or credentials.

15. CW/AWL 2006 requirements for doing business with a title company including any required training, education or other experience or credentials.

16. The content of all broker, appraiser or title company watch lists maintained by CW/AWL in 2006.

19. The content and operation of CW/AWL's computer system, including the one which Gregory Logemann had access to, specifically the program itself, the entry of data into the program, the development of the program, the use of the program, and problems with the program.

21. Each and every assignment, negotiation, or transfer of any interest in the notes and mortgages which resulted from the loans from CW/AWL to Plaintiffs.

23. Any person or entity (including any trust) who now has or who has ever had any interest in the notes and mortgages at issue in this case.

24. The content of any Pooling and Servicing Agreement governing any trust or entity which now owns or ever owned any interest in the notes and mortgages at issue in this case.

25. Any error or mistake committed by CW/AWL or any other Defendant in connection with the Zimmermans, the loan or mortgage, or any aspect of the transaction.

26. The relationship between CW/AWL and any of the other Defendants.

28. All records of CW/AWL compliance with the Truth in Lending Act in 2006.

3

29. Records of title company or other closing agents' compliance with the Truth in Lending Act on CW/AWL loans in 2006.

30. Rate sheets for home mortgage loans from May 1, 2006 through December 31, 2006.

B. Testimony from Countrywide's 30(b)(6) Designee on Underwriting

Mr. Barry Weisman testified in excess of seven hours already in this matter to questioning largely irrelevant to the claims at issue. Plaintiffs now seek underwriting guidelines for loan products never offered or accepted by the Zimmermans, and to depose Mr. Weisman a second time. The requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of any admissible evidence. For those reasons further explained in the supporting brief, the request for additional depositions and documents should also be quashed.

Dated this 9th day of December, 2010.

QUARLES & BRADY LLP

/s/ John R. Remington
Matthew J. Flynn         (1015090)
David P. Muth            (1027027)
Katherine Maloney Perhach (1035975)
John R. Remington        (1066195)
411 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
Telephone:  (414) 277-3087
Facsimile:   (414) 978-8897
Email:  matthew.flynn@quarles.com
         david.muth@quarles.com
         katherine.perhach@quarles.com
         john.remington@quarles.com

*Attorneys for Defendants Bank of America N.A. (as successor to Countrywide Bank, F.S.B. f/k/a Countrywide Bank, N.A.) and Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender*

4

QB\133032.00013\11789334.2