UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

THOMAS ZIMMERMAN and
PATRICIA ZIMMERMAN,

                   Plaintiffs,                           **Case No.  09-cv-210**

     v.

GREG LOGEMANN, et al.

                   Defendants.

**COUNTRYWIDE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Plaintiffs must justify the need for substantial discovery requested by connecting it logically to the allegations in this case.  They have taken a kitchen-sink approach to their discovery using a form appendix to a popular consumer advocacy handbook covering a number of claims and topics not germane to this case.  In their response, plaintiffs inaccurately assert that Countrywide has not attempted to resolve these disputes.  There have been several conversations and an underwriting designee produced.  Countrywide even permitted that deposition to go beyond seven hours to try and resolve the matter without judicial assistance.

Plaintiffs also suggest that Countrywide lied in its discovery responses.  This is also inaccurate and disappointing.  Countrywide does not have the Boardwalk appraisal.  It has produced its entire loan file.  That file does not include the Boardwalk appraisal.  The underwriting designee made clear in sworn testimony that the loans offered to the Zimmermans used an appraisal from an entity not a party to this suit.  To assert anything to the contrary is simply inaccurate.

Plaintiffs' Truth in Lending claims consist solely of alleged disclosure errors made during the closing of the Plaintiffs' October 26, 2006 loan transaction, and whether they are permitted to extend the time period to rescind the loans. (Dkt. #90, at ¶¶70-71). Any claim involving the loan charges are time barred. 12 U.S.C. §2614. To suggest that the evidence is relevant to pursue time barred claims is inaccurate, and certainly does not warrant the discovery.

Countrywide has produced the entire loan files, which include the complete disclosures that accompanied the Plaintiffs' loans. All people who were present at the loan closing on October 26, 2006 have been deposed. There is simply no basis to connect any of the requested discovery to those issues before the Court under the Truth in Lending claims.

Similarly, Plaintiffs offer no justification for additional discovery to support their fraud claims. They admit that this Court limited their fraud claims to three misrepresentations: "(1) falsely inflated income for the Zimmermans; (2) a promise of future refinancing; (3) a falsely inflated appraisal of property." (Dkt. #189, at 7). They add another alleged "misrepresentation" from their Second Amended Complaint, that Countrywide:

> [M]isrepresented to the Zimmermans that they qualified for mortgage loans <u>based on the income figures provided by the Zimmermans</u>, but did not tell them that the approval was based on false income and appraisal information.

Dkt #189, at 7; Dkt 90, at ¶64 (emphasis added). As explained in Countrywide's summary judgment, courts have regularly rejected such claims due to a lack of any possible reliance. But in any event, based on this allegation, Plaintiffs contend they are entitled to discover the "qualification requirements and standards in existence for these Defendants, whether Defendants comply with these stated standards in other cases, whether they complied in this case and other patterns and practices surrounding qualifying applicants for loans." Dkt #189, at 8.

2

Plaintiffs fail to connect their discovery requests to the alleged misrepresentations.  It is undisputed that no one from Countrywide ever spoke to Plaintiffs.  If Countrywide employees made a material error in underwriting (which Countrywide's designee denied during his deposition), there are still no reliance damages relating to that error--the underwriting is to protect the bank from making unsound loans.  Notwithstanding the agreement to provide an underwriting designee in an effort to resolve this issue and move forward to the merits of the case, Plaintiffs inaccurately portray Countrywide's efforts as stonewalling.

This case involves a refinance of a loan the Zimmermans admit they could not afford to pay.  It is critical the Court appreciate that the original loan was with a bank not a party to this suit and that loan had a large balloon payment coming due that the Zimmermans could not afford to pay.  Plaintiffs counsel has not identified how the underwriting relates to any possible basis for a damage claim under any theory, yet Countrywide produced a witness to try to address the issue.  Even assuming the underwriting was somehow errant, and the Zimmermans should not have received a refinance from Countrywide, that does not give rise to a claim.  The Zimmermans had already purchased the home, owed a balloon payment, and would have defaulted without the refinance.

The sole purpose of the discovery is to continue to delay the ultimate resolution of this matter.  In a 30 page opposition brief, Plaintiffs offer only generalizations and blanket assertions to relate the requested discovery to the issues at hand.  A careful review will show that they offer no relation to the claims at hand, or how the requested discovery relates to the claims.  And there has been no shortage of discovery in this matter to date.  There have already been thousands of pages of discovery produced in this matter and six days of depositions regarding a residential mortgage loan for $212,000.  At some point, enough is enough.  While discovery is liberally

construed, it must relate to the issues in the suit.  Because Plaintiffs' discovery does not, the protective order should be granted.

The legal arguments in Plaintiffs' response should not alter this inevitable conclusion. For example, Plaintiffs generalize broadly that "Pattern and practice evidence is discoverable." Dkt. #189, at 24.  They then cite to an action with six consolidated cases that each allege a pattern of racial discrimination.  *Barkley v. Olympia Mortgage Company*, 2007 WL 656250 (E.D.N.Y).    They cite the same case to support their generalization that "Underwriting documentation is an appropriate topic for discovery."  Dkt. #189, at 16.  But they fail to answer the fundamental issue in this discovery dispute.  Why is it appropriate to the claims at issue? And why is more than seven hours of deposition on underwriting insufficient to address the issues relating to the very limited fraud theories in this case?

The Zimmermans hired Mr. Logemann to seek refinancing for them.  It is undisputed he could have gone to any number of banks to seek the refinancing.  He chose Countrywide.  The Zimmermans admit in their complaint they knew what their monthly obligations would be on the Countrywide refinance before they accepted the terms.  How then, does any of the requested discovery relate to the claims at issue?

Simply put, the Zimmermans bought a home they could not afford.  They wish for someone else to bear the responsibility for this decision, and they assert generic allegations of fraud.  Their attorneys have zealously sought to establish the existence of a conspiracy, but to date cannot provide this Court with a single evidentiary fact in their 30 page opposition brief giving any credence to any such theory.  So instead they suggest that they have been prevented from obtaining sufficient evidence to support the claim.  So now they seek computer records, record retention policies, procedures, complaints, title companies, brokers, etc. that do not have

4

any relationship to the Zimmerman loans--all under the purported basis of relevance to a conspiracy.  Yet no additional discovery will change the fact that, as outlined in Countrywide's summary judgment brief, the Zimmermans cannot establish any reliance as to Countrywide under their fraud claims.  The refinance occurred for the Zimmermans on a home they already owned, and admit they could not afford.  And the only reason Countrywide's summary judgment motion was not filed months earlier was a stay of proceedings sought by plaintiffs' counsel preventing the completion of Mr. Logemann's deposition.

Plaintiffs' remaining discovery is simply not reasonably calculated to lead to the discovery of admissible evidence regarding whether there was a disclosure violation during Plaintiffs' October 26, 2006 loan closing, or the limited fraud claims at issue.  The additional discovery is  advanced to annoy, embarrass, and oppress Countrywide.  It will require a tremendous investment of time and resources, and in some cases no designee could ever prepare to speak on the topics provided.  It also provides no reasonable nexus to the issues in dispute.  Accordingly, Countrywide requests that this Court grant Countrywide's Motion for a Protective Order.  (Dkt. 182-1).

QB\133032.00013\12059132.3

Dated this 20th day of December, 2010.

QUARLES & BRADY LLP


/s/ John R. Remington
Matthew J. Flynn                (1015090)
David P. Muth                   (1027027)
Katherine Maloney Perhach   (1035975)
John R. Remington            (1066195)
411 East Wisconsin Avenue
Milwaukee, Wisconsin  53202
Telephone:  (414) 277-3087
Facsimile:  (414) 978-8897
Email:  matthew.flynn@quarles.com
        david.muth@quarles.com
        katherine.perhach@quarles.com
        john.remington@quarles.com

*Attorneys for Defendants Bank of America N.A.
(as successor to Countrywide Bank, F.S.B. f/k/a
Countrywide Bank, N.A.) and Countrywide Home
Loans, Inc. d/b/a America's Wholesale Lender*

6